**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**BRIAN HEATH GOMEZ**                                                          **PLAINTIFF**

**VERSUS**                                          **CIVIL ACTION NO. 1:22-cv-00279-RPM**

**HARRISON COUNTY, MISSISSIPPI, et al.**                          **DEFENDANTS**

**ORDER GRANTING MOTION [50] FOR SUMMARY JUDGMENT DUE TO
PLAINTIFF'S FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES AND
MOTION [52] FOR SUMMARY JUDGMENT AND
DISMISSING CASE WITHOUT PREJUDICE**

Proceeding under 42 U.S.C. § 1983, *pro se* Plaintiff Brian Health Gomez filed this lawsuit on October 12, 2022, and his allegations were clarified at a screening hearing on March 14, 2023.[1] When he filed this lawsuit, Plaintiff was a pretrial detainee housed at the Harrison County Adult Detention Center ("HCADC") in Gulfport, Mississippi, [1] at 2, but he is no longer incarcerated, [47] at 1. Plaintiff names as Defendants Harrison County, Mississippi; Austin Welder; Patrick Beaver; and Jessica Sylvester. [20] at 1; [41] at 1. Before the Court are the Motion [50] for Summary Judgment Due to Plaintiff's Failure to Exhaust Administrative Remedies filed by Defendants Welder, Beaver, and Sylvester and the Motion [52] for Summary Judgment filed by Defendant Harrison County. Both Motions were filed on April 24, 2023, and Plaintiff has not responded to either Motion. For the following reasons, Defendants' Motions [50] [52] will be granted and this case will be dismissed without prejudice for Plaintiff's failure to exhaust administrative remedies.

---

[1] *See Spears v. McCotter*, 766 F.2d 179, 181-82 (5th Cir. 1985) (authorizing the magistrate judge to "hold an evidentiary hearing" to allow a *pro se* plaintiff to provide a "more definite statement"), *abrogated on other grounds by Neitzke v. Williams*, 490 U.S. 319, 324 n.3 (1989).

## I. BACKGROUND

The following account is drawn from Plaintiff's pleadings and his testimony at the screening hearing. On September 14, 2022, Plaintiff asserts that he and his cell mate, Tyler Swackhamer, were returning to their cell from recreation around 3:15 p.m. [1] at 4; (Tr. 9). While in transit, Plaintiff and Swackhamer were bound by leg irons and handcuffs. [1] at 4. When they arrived at their cell, Swackhamer went inside with his leg irons and handcuffs still fastened. (Tr. 9). Plaintiff initially refused to enter the cell while bound, but the Officers Welder and Beaver "shoved" him inside, and Sylvester "locked [them] down." [1] at 4; (Tr. 9). Plaintiff and Swackhamer were locked down for approximately one hour—still bound by their restraints. *Id*.

During that hour, Swackhamer allegedly hit Plaintiff with his handcuffs. (Tr. 9-10). As a result of Swackhamer's attack, Plaintiff asserts that he needed surgery on his shoulder, but HCADC personnel refused to bring him to the hospital. [19] at 1. Plaintiff argues that he feared for his life during the events described here. [1] at 4.

## II. STANDARD OF REVIEW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Westfall v. Luna*, 903 F.3d 534, 546 (5th Cir. 2018) (quotation omitted). "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010) (quotation omitted). "On a motion for summary judgment, the court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." *E.E.O.C. v.*

*WC&M Enters., Inc.*, 496 F.3d 393, 397 (5th Cir. 2007).

"Summary judgment is proper if the movant demonstrates that there is an absence of genuine issues of material fact." *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). "The movant accomplishes this by informing the court of the basis for its motion, and by identifying portions of the record which highlight the absence of genuine factual issues." *Id.* "Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges its initial burden of demonstrating entitlement to summary judgment." *Mack v. Waffle House, Inc.*, No. 1:06-cv-00559-RHW, 2007 WL 1153116, at *1 (S.D. Miss. Apr. 18, 2007) (quotation and brackets omitted). "[O]nce a properly supported motion for summary judgment is presented, the nonmoving party must rebut with 'significant probative' evidence." *Id*. (quoting *Ferguson v. Nat'l Broad. Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978)).

### III. DISCUSSION

Defendants' Motions [50] [52] for Summary Judgment will be granted because Plaintiff failed to exhaust his administrative remedies before filing this lawsuit. "Since exhaustion is a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time, . . . judges may resolve factual disputes concerning exhaustion without the participation of a jury." *Dillon v. Rogers*, 596 F.3d 260, 272 (5th Cir. 2010).

"The [Prison Litigation Reform Act ("PLRA")] attempts to eliminate unwarranted federal-court interference with the administration of prisons, and thus seeks to afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (quotations and alterations omitted). So exhaustion of administrative remedies through the prison grievance system is a prerequisite for lawsuits filed

under § 1983. *Wright v. Hollingsworth,* 260 F.3d 357, 358 (5th Cir. 2001). The Fifth Circuit Court of Appeals takes a "strict approach" to the exhaustion requirement. *Johnson v. Ford*, 261 F. App'x 752, 755 (5th Cir. 2008) (quotation omitted). "Exhaustion is mandatory for 'all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.'" *Alexander v. Tippah Cnty.*, 351 F.3d 626, 630 (5th Cir. 2003) (quoting *Porter v. Nussle*, 534 U.S. 516, 532 (2002)). Dismissal is mandatory where an inmate has failed to properly exhaust the applicable administrative grievance procedure before filing his complaint. *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012).

A prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." *See Woodford*, 548 U.S. at 83-84. "Merely initiating the grievance process or putting prison officials on notice of a complaint is insufficient to meet the exhaustion requirement." *Evans v. Harrison Cnty. Adult Detention Ctr.*, No. 1:18-cv-00087-RHW, 2020 WL 980149, at *1 (S.D. Miss. Feb. 28, 2020). "The grievance process must be carried through to its conclusion before suit can be filed under the [PLRA]." *Id.* A properly exhausted claim is one that has "complete[d] the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *See Woodford*, 548 U.S. at 88. Those rules "are defined not by the PLRA, but by the prison grievance process itself." *Jones v. Bock*, 549 U.S. 199, 218 (2007).

The individual Defendants attached relevant portions of HCADC's Inmate Handbook to their Motion [50-3] at 2-3. According to the Inmate Grievance Program, "HCADC has a formal three (3) step grievance policy for use by all inmates." *Id*. at 3. Under this policy, "[a]ll grievances must be filed on the correct standard grievance form provided." *Id*. If an inmate is dissatisfied with

4

the resolution of his first-step grievance, he "may proceed to Level II (Deputy Warden)." *Id*. If the inmate remains dissatisfied with the second-step response, he "may proceed to Level III (Warden)," which "is the final step in the process." *Id*. Inmates are required to exhaust all three steps "before they proceed with filing a lawsuit." *Id*. When he entered HCADC custody on June 24, 2022, Plaintiff signed a classification form, acknowledging that he knew where to find the Inmate Handbook and had been instructed on how to report a grievance. [50-2] at 1.

Nonetheless, Plaintiff testified that he only filed one grievance; he did not proceed to the second and third steps, claiming to be unaware of HCADC's three-step grievance policy. (Tr. 16-18, 23). "Mere ignorance of the exhaustion requirement, however, does not excuse a plaintiff's failure to exhaust." *Gaitanis v. Southern Health Partners*, No. 2:19-cv-00043-KS-MTP, 2019 WL 7782115, at *2 (S.D. Miss. Oct. 29, 2019), *report and recommendation adopted by* 2020 WL 476378, at *1 (S.D. Miss. Jan. 29, 2020). "The Fifth Circuit requires that a prisoner plaintiff must, at the very least, inquire about filing a grievance and be denied in order to properly assert that administrative remedies are unavailable." *Davis v. Butler*, No. 2:12-cv-00210-MTP, 2014 WL 5502421, at *3 (S.D. Miss. Oct. 30, 2014) (citing *Manemann v. Garrett*, 484 F. App'x 857, 858 (5th Cir. 2012)).

To that point, though, Plaintiff testified that "Ms. Washington" from "the law library" told him that he could "file the lawsuit" once he submitted his first grievance. (Tr. 18). "Grievance procedures *are* unavailable to an inmate if the correctional facility's staff misled the inmate as to the existence or rules of the grievance process so as to cause the inmate to fail to exhaust such process." *Davis v. Fernandez*, 798 F.3d 290, 295 (5th Cir. 2015) (emphasis in original). "As a general matter, where prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself

5

of an administrative remedy, they can render that remedy 'unavailable' to such an extent that a court will excuse the prisoner's failure to exhaust." *Badger v. Fisher*, No. 5:16-cv-00107-MTP, 2017 WL 5906045, at *2 (S.D. Miss. Nov. 30, 2017). But Defendants have "presented evidence demonstrating that they . . . informed Plaintiff of the grievance process" operative at HCADC. *See id*.; *see also* [50-2] at 1. And Plaintiff conceded at the screening hearing that the Inmate Handbook—requiring inmates to complete a three-step grievance process—was available to him on the kiosk. (Tr. 29). Based on these facts, the Court finds that Plaintiff was not misled but had "avenues for discovering the procedural rules governing [his] grievances." *Dillon v. Rogers*, 596 F.3d 260, 268 (5th Cir. 2010); *see also Quick v. Hodge*, No. 2:16-cv-00167-KS-MTP, 2018 WL 842197, at *4 (S.D. Miss. Jan. 22, 2018), *report and recommendation adopted by* 2018 WL 834943, at *1 (S.D. Miss. Feb. 12, 2018) (holding that administrative remedies were available to a plaintiff who claimed otherwise when uncontradicted evidence showed that he was "made aware of the program and its procedures when [he was] processed into the jail").

Thus, administrative remedies were available to Plaintiff but unexhausted before he initiated this lawsuit. His claims must be dismissed without prejudice.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that the Motion [50] for Summary Judgment Due to Plaintiff's Failure to Exhaust Administrative Remedies filed by Defendants Austin Welder, Patrick Beaver, and Jessica Sylvester is **GRANTED**.

**IT IS, FURTHER, ORDERED** that the Motion [52] for Summary Judgment filed by Defendant Harrison County, Mississippi, is **GRANTED**.

**IT IS, FURTHER, ORDERED** that Plaintiff Brian Heath Gomez's claims are

**DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies. The Court will enter a separate final judgment under Federal Rule of Civil Procedure 58.

**SO ORDERED,** this 20th day of June, 2023.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE